## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| TAYLOR BOVIO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:25-cv-1246 |
| v. | ) | |
| | ) | Magistrate Judge Jeannice W. Appenteng |
| JDRC MANAGED SERVICES, | ) | |
| LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Taylor Bovio filed suit alleging that her former employer, JDRC

Managed Services, LLC, discriminated and retaliated against her in violation of the

Family and Medical Leave Act, the Americans with Disabilities Act, the Illinois

Human Rights Act, the Illinois Whistleblower Act, and the Illinois Workers'

Compensation Act. Currently before the Court is defendant's motion to dismiss for

lack of prosecution [41]. For reasons set forth here, the motion is granted.

## DISCUSSION

### A.    Standard of Review

"Under Rule 41(b), the Court may dismiss a plaintiff's case with prejudice '[i]f

the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil

Procedure] or a court order.'" *Mallory v. Rush Univ. Med. Ctr.*, No. 18 C 4364, 2021

WL 458547, at *14 (N.D. Ill. Feb. 9, 2021) (quoting FED. R. CIV. P. 41(b)); *see also*

*Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993). "[T]he power to sanction

through dismissal is essential to the district courts' ability to manage efficiently

their heavy caseloads and thus protect the interests of all litigants." *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014).

Because dismissing a case with prejudice "is the most severe sanction that a court may apply," the Court must carefully exercise its judicial discretion in doing so. *McMahan v. Deutsche Bank AG*, 892 F.3d 926, 931 (7th Cir. 2018). Factors to consider include:

> [T]he frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel, the effect of those failures on the judge's calendar and time, the prejudice, if any, to the defendant caused by the plaintiff's dilatory conduct, the probable merits of the suit, and the consequences of dismissal for the social objectives of the type of litigation that the suit represents.

*Id.* at 931-32. "There is no requirement to enter lesser sanctions before dismissing a case for lack of prosecution." *Id.* at 932 (quoting *Ball*, 2 F.3d at 756). In addition, plaintiff's pro se status is not an excuse for failing to comply with the court's orders. *See McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012) ("[E]ven those who are pro se must follow court rules and directives.").

**B.     Analysis**

Considering all the circumstances of this case, the Court finds that dismissal with prejudice is the appropriate course. Plaintiff has disobeyed numerous court orders and taken no meaningful action in this case for months. For example, plaintiff has not responded to discovery requests that defendant issued on May 5, 2025. Dkt. 41 at 2. In addition, plaintiff failed to obey a Court order to appear for a hearing on June 4, 2025 to address her counsel's motion to withdraw. Dkt. 35. The

2

Court granted the motion and gave plaintiff until July 7, 2025 to either retain new counsel or file a pro se appearance. Dkt. 36. Plaintiff did neither of those things so the Court set an in-person hearing for July 22, 2025. Dkt. 39. The Court's order that day notified plaintiff that "failure to appear may result in sanctions, including dismissal for want of prosecution." *Id.*

In the meantime, Judge Valdez had agreed in April 2025 to conduct a settlement conference with the parties. After plaintiff's counsel withdrew, Judge Valdez ordered the parties to file a joint status report by June 20, 2025 advising whether they wished to reset the settlement conference date. Dkt. 37. Defense counsel attempted to contact plaintiff on June 9, 13, and 18, 2025 but received no response. Dkt. 41 at 3. Accordingly, on June 20, 2025, defendant filed a status report explaining the situation and indicating its continued willingness to participate in the settlement process. Dkt. 38 at 3.

On July 22, 2025, defense counsel appeared for the scheduled hearing before this Court but plaintiff did not. The Court set another telephone hearing for August 5, 2025. Dkt. 40. After defendant filed its motion to dismiss for lack of prosecution, the Court ordered plaintiff to either file a response or file a status report with a proposed response date. Dkt. 42. Plaintiff filed nothing and then failed to appear for the August 5, 2025 hearing or to communicate with the Court or defense counsel.

It is evident from this history that plaintiff has no intention of pursuing this case. She has repeatedly ignored Court orders, wasted the time and resources of this Court, and caused prejudice to defendant by her dilatory conduct. *McMahan*,

3

892 F.3d at 932 ("An unreasonable delay gives rise to a presumption of prejudice."). The first four *McMahan* factors thus weigh in favor of dismissal. The fifth factor, the probable merits of the suit, is difficult to assess since the case has barely progressed beyond the pleading stage and plaintiff has not complied with her discovery obligations. For purposes of this analysis, the fifth factor is at best neutral, weighing neither in favor of nor against dismissal. The final factor weighs against dismissal as plaintiff's claims of employment discrimination serve an important social objective.

To summarize, most of the factors favor dismissal and plaintiff has demonstrated a wanton disregard of the Court's orders that warrants dismissal with prejudice. "The Court will not allow this case to languish while Plaintiff[], despite the efforts of both Defense Counsel and the Court, continues h[er] unexplained lack of interest in the prosecution of this matter." *Wallace v. City of Granite City*, No. 3:22-CV-763-DWD, 2023 WL 3203096, at *2 (S.D. Ill. May 2, 2023). *See also Ross v. City of South Bend*, No. 3:21-CV-521-DRL-MGG, 2023 WL 1464388, at *2 (N.D. Ind. Feb. 2, 2023) (dismissing with prejudice where plaintiff's lack of compliance with court orders resulted in the case "being at a standstill" for nearly four months without adequate justification).

## CONCLUSION

For the reasons stated above, defendant JDRC Managed Services, LLC's second motion to dismiss [41] is granted. Defendant's motion to dismiss

pursuant to Rule 12(b)(6) [20] is denied as moot. This case is terminated with prejudice. The Clerk is directed to enter judgment in favor of defendant.

**SO ORDERED.**

_____
**Jeannice W. Appenteng**
**United States Magistrate Judge**

Date: 8/8/2025